UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMEL JEFFRIES,<br><br>    Plaintiff,<br><br>    v.<br><br>LOS ANGELES SHERRIFF DEPARTMENT, ET AL.,<br><br>    Defendants. | Case No. CV 17-0424-AB (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.

## **INTRODUCTION**

Plaintiff Damel Jeffries ("Plaintiff"), proceeding pro se and in forma pauperis, has filed a Complaint ("Complaint") pursuant to Title 42 of the United States Code, section 1983 ("Section 1983") alleging violations of his Eighth Amendment right based upon an alleged use of excessive force. Plaintiff appears to be suing defendant Los Angeles Sheriff Department ("Defendant"). As discussed below, the Court dismisses the Complaint with leave to amend for failure to state a claim.

///

///

///

## II.

## **ALLEGATIONS IN COMPLAINT**

On January 10, 2017, Plaintiff, who is in the custody of the California Department of Corrections and Rehabilitation at the Wasco State Prison, constructively filed[1] the Complaint pursuant to Section 1983, which against sole defendant Los Angeles Sheriff Department. ECF Docket No. ("Dkt.") 1, Compl. Plaintiff alleges custody staff employed by the Los Angeles Sheriff Department used excessive force while Plaintiff was housed at Twin Towers Correctional Facility under suicide watch. Declaration of Damel Jeffries ("Jeffries Decl."), Dkt. 1.

On May 9, 2016, during "pill call", Plaintiff alleges he "picked up an empty orange juice carton and reached back through the tray slot with [his] right hand to ask for more ice." Id. at 1. Plaintiff claims, at that moment, he heard one of the staff nurses say to another nurse, "I don't know why you're doing this, you shouldn't give that punk-ass his meds." Id. at 2. According to Plaintiff, "[t]he Custody Staff[2] seemed to react to the comment and [his] request for more ice." Id. Custody Staff came over and "closed the tray slot door on [Plaintiff's] arm."

---

[1]  Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

[2]  In Plaintiff's Complaint, he refers to two individuals allegedly employed by the Los Angeles Sheriff's Department as John Doe 1 and John Doe 2. Compl. at 5. John Doe 1 is a "California Assistant" and John Doe 2 is a "deputy sheriff". Id. Plaintiff alleges John Doe 1 employed excessive force when he hit Plaintiff with a flashlight, whereas John Doe 2 used excessive force by "sliding [Plaintiff's arm] left to right" against the tray slot door. Id. at 5.

Unlike the Complaint, Plaintiff's declaration refers to the two main actors as "Custody Staff" and "deputy". See Jeffries Decl. Although it is unclear, there appears to be a discrepancy between the facts alleged in the claims of the Complaint and the facts alleged in Plaintiff's declaration. According to Plaintiff's declaration, the deputy both hit Plaintiff with the flashlight and slid his arm against the tray slot door. Id. at 2-3. If Plaintiff intends to amend the complaint to include claims against John Does 1 and 2 in their individual capacity, as discussed below, he will need to clarify this discrepancy.

Id. Additionally, a deputy "grabbed onto [Plaintiff's] wrist and forearm and started pushing down" as if "he was trying to break it." Id. The deputy began "sliding [Plaintiff's] arm back and forth in the tray slot like he wanted to saw it off." Id. at 3. Both the deputy and the Custody Staff held onto the tray slot to keep it closed on Plaintiff's arm. Id.

Plaintiff was able to release his right arm from the tray slot door, but "then one of the Custody Staff grabbed onto [his] left arm . . . and trapped [his] left arm in the tray slot while the deputy bent and pushed on [his] left arm." Id. The deputy "pulled out a flashlight . . . and then used the end of it as a weapon to hit [Plaintiff's] left hand and wrist." Id. Plaintiff was able to release his left arm, but "the Custody Staff trapped the fingers on [his] right hand in the tray slot door" again. Id. at 3-4. As Plaintiff attempted to release his right hand, "the skin on [his] left forearm became pinched in the tray slot." Id. at 4. Despite telling the Custody Staff his left arm was stuck, Custody Staff did not release Plaintiff's arm from the tray slot until instructed by two sergeants moments later. Id.

Plaintiff claims the Custody Staff stated the use of force was necessary because (1) Plaintiff "tried to gas [Custody Staff]"; and (2) Plaintiff "was holding the tray slot hostage." Id. at 5. Plaintiff claims neither of these statements are true. Id. As a result of the alleged use of force, Plaintiff claims he "continues to experience numbness and pain" and has not "received any medical attention for the injuries" despite repeated requests. Id. at 6. Plaintiff is seeking compensatory damages, as well as damages for pain, suffering, and psychological distress, in the amount of $450,000. Compl. at 6.

### III.
### STANDARD OF REVIEW

As Plaintiff is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or

seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).  Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation omitted).  In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it.  Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011).  However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).  Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citation omitted).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir.

2008) (citations and internal quotation marks omitted). "[W]e have an obligation where the p[laintiff] is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the p[laintiff] the benefit of any doubt." <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is <u>pro se</u>. <u>Id.</u> at 1130-31; <u>see also</u> <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. <u>Cato</u>, 70 F.3d at 1107-11; <u>see also</u> <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 972 (9th Cir. 2009).

## IV.
## DISCUSSION

**A.   THE COMPLAINT DOES NOT UNAMBIGUOUSLY IDENTIFY DEFENDANTS**

**(1)   APPLICABLE LAW**

Rule 10(a) of the Federal Rules of Civil Procedure requires that each defendant be named in the caption of the complaint. A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, [and] for what relief . . . ." <u>McHenry v. Renne</u>, 84 F.3d 1172, 1178 (9th Cir. 1996).

**(2)   ANALYSIS**

Here, Plaintiff lists a single defendant, Los Angeles Sheriff Department, in the caption of the Complaint. <u>See</u> Compl. at 1. However, Los Angeles Sheriff Department is not listed in the body of the Complaint identifying the parties. <u>See</u> <u>id.</u> at 3. If Plaintiff wishes to raise a claim against Los Angeles Sheriff Department,

he must clarify exactly who the defendants are – at a minimum, the caption and body of the Complaint must agree.

**B.     PLAINTIFF FAILS TO STATE AN OFFICIAL CAPACITY CLAIM AGAINST DOE DEFENDANTS, OR A <u>MONELL</u> CLAIM AGAINST THE LOS ANGELES SHERIFF DEPARTMENT**

**(1)     APPLICABLE LAW**

Respondeat superior liability does not exist under Section 1983.  <u>Monell Dep't of Soc. Servs. of City of New York</u>, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); <u>see also</u> <u>City of Canton v. Harris</u>, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989).  Consequently, an entity is liable only for allegations of constitutional violations that arise from an official policy or longstanding custom.  <u>Id.</u>  A plaintiff must show the alleged constitutional violation was committed "pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity."  <u>Gillette v. Delmore</u>, 979 F.2d 1342, 1346 (9th Cir. 1992) (citations and internal quotation marks omitted).  Proof of random acts or isolated events is insufficient to establish a custom or practice.  <u>Thompson v. City of Los Angeles</u>, 885 F.2d 1439, 1444 (9th Cir. 1989).  Rather, a plaintiff must prove widespread, systematic constitutional violations which have become the force of law.  <u>Board of Cty. Comm'rs of Bryan Cty., Okl. v. Brown</u>, 520 U.S. 397, 404, 117 S. Ct. 1382, 1388, 137 L. Ed. 2d 626 (1997).  In addition, a plaintiff must show the policy, practice or custom was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation."  <u>Trevino v. Gates</u>, 99 F.3d 911, 918 (9th Cir. 1996) citing <u>Arnold v. Int'l Bus. Machines Corp.</u>, 637 F.2d 1350, 1355 (9th Cir. 1981)).

**(2)     ANALYSIS**

Here, Plaintiff alleges John Doe 1 and John Doe 2 are employed by the Los Angeles Sheriff's Department.  Compl. at 5.  Plaintiff indicates he is suing the Doe defendants in their official capacity only.  <u>Id.</u> at 3.  Accordingly, the official capacity

claims against the Doe defendants are considered claims against the entity of which they serve – the Los Angeles Sheriff Department. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."). Hence, Plaintiff's claims against Doe defendants in their official capacity must be dismissed.

In addition, Plaintiff's Section 1983 claim against the Los Angeles Sheriff Department must be dismissed because Plaintiff has not set forth any allegations identifying a policy, practice, or custom that was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." See Trevino, 99 F.3d at 918. Absent such allegations, the federal claim against Defendant Los Angeles Sheriff Department must be dismissed.

**C.   DOE DEFENDANTS**

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). "However . . . , where the identity of alleged defendants will not be known prior to the filing of a complaint . . . , the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Id.; see also Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).

Here, it appears Plaintiff may be attempting to raise an excessive force claim against Does 1 and 2 in their individual capacity. However, as discussed above, Plaintiff elected to sue Does 1 and 2 in their official capacity only. If Plaintiff intends to sue Does 1 and 2 in their individual capacity, he must check the individual capacity boxes when filing an amended complaint and allege facts supporting an excessive force claim against each Doe defendant.

Additionally, if Plaintiff decides he would like to sue the Doe defendants in their individual capacity, Plaintiff will be given the opportunity to discover the names of the Doe defendants and amend his Complaint.[3] Plaintiff should act diligently in conducting such investigation, as the Court will only grant extensions of time upon a showing of good cause.

## V.
## LEAVE TO FILE A FIRST AMENDED COMPLAINT

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must

---

[3] Plaintiff is advised that, if he chooses to sue the Doe defendants in their individual capacity, but files an amended complaint that only names Doe defendants, such complaint will be subject to dismissal because the Court will not be able to order service of the complaint against defendants who are both unidentified. See Augustin v. Dep't of Public Safety, 2009 WL 2591370, at *3 (D. Hawai'i Aug. 24, 2009); Williams v. Schwarzenegger, 2006 WL 3486957, at *1 (E.D. Cal. Dec. 1, 2006).

1 | be complete without reference to the Complaint or any other pleading, attachment,
2 | or document.

3 |     An amended complaint supersedes the preceding complaint. <u>Ferdik v.
4 | Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will
5 | treat all preceding complaints as nonexistent. <u>Id.</u> Because the Court grants
6 | Plaintiff leave to amend as to all his claims raised here, any claim raised in a
7 | preceding complaint is waived if it is not raised again in the First Amended
8 | Complaint. <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 928 (9th Cir. 2012).

9 |     2.    Alternatively, Plaintiffs may voluntarily dismiss the action without
10 | prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court
11 | is directed to mail Plaintiffs a blank Notice of Dismissal Form, which the
12 | Court encourages Plaintiffs to use.**

13 |     The Court advises Plaintiff that it generally will not be well-disposed toward
14 | another dismissal with leave to amend if Plaintiff files a First Amended Complaint
15 | that continues to include claims on which relief cannot be granted. "[A] district
16 | court's discretion over amendments is especially broad 'where the court has
17 | already given a plaintiff one or more opportunities to amend his complaint.'"
18 | <u>Ismail v. County of Orange</u>, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations
19 | omitted); <u>see also</u> <u>Ferdik</u>, 963 F.2d at 1261. Thus, **if Plaintiff files a First
20 | Amended Complaint with claims on which relief cannot be granted, the First
21 | Amended Complaint will be dismissed without leave to amend and with
22 | prejudice.**
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

1  **Plaintiff is explicitly cautioned that failure to timely file a First**
2  **Amended Complaint will result in this action being dismissed with prejudice**
3  **for failure to state a claim, prosecute and/or obey Court orders pursuant to**
4  **Federal Rule of Civil Procedure 41(b).**

6  Dated: January 25, 2017

   _____
   HONORABLE KENLY KIYA KATO
   United States Magistrate Judge