1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

10 DAMEL JEFFRIES,                                Case No. CV 17-0424-AB (KK)

11                              Plaintiff,

12                v.                              ORDER DISMISSING FIRST
                                                 AMENDED COMPLAINT WITH
13 LOS ANGELES SHERRIFF                           LEAVE TO AMEND
   DEPARTMENT, ET AL.,
14
                               Defendants.
15

16

17                                      **I.**

18                              **INTRODUCTION**

19        Plaintiff Damel Jeffries ("Plaintiff"), proceeding pro se and in forma

20 pauperis, has filed a First Amended Complaint ("FAC") pursuant to 42 U.S.C. §

21 1983 ("Section 1983") alleging violations of his Eighth Amendment right based on

22 excessive force.  Plaintiff appears to be suing defendant Los Angeles Sheriff

23 Department, John Doe 1, and John Doe 2 ("Defendants") in their individual

24 capacity.  As discussed below, the Court dismisses the FAC with leave to amend

25 for failure to state a claim.

26 ///

27 ///

28 ///

## II.

## PROCEDURAL HISTORY

On January 10, 2017, Plaintiff, who is in the custody of the California Department of Corrections and Rehabilitation at the Wasco State Prison, constructively filed[1] a Complaint alleging custody staff employed by the Los Angeles Sheriff Department used excessive force while Plaintiff was housed at Twin Towers Correctional Facility under suicide watch.  ECF Docket No. ("Dkt.") 1, Compl.

On January 25, 2017, the Court dismissed the complaint with leave to amend for failure to state a claim.  Dkt. 6.

On February 10, 2017, Plaintiff constructively filed the instant FAC against Los Angeles Sheriff Department, John Doe 1, and John Doe 2.[2]  Dkt. 8, FAC. Plaintiff alleges John Does 1 and 2 used excessive force against Plaintiff in violation of the Eighth Amendment.  Id.  Plaintiff additionally alleges defendant Los Angeles County Sheriff Department is liable for the actions of its officers when it failed "to uphold [its] legal duty of care."  Id. at 5.

## III.

## ALLEGATIONS IN FAC

On May 9, 2016, during "pill call", Plaintiff alleges he "picked up an empty orange juice carton and reached back through the tray slot with [his] right hand to ask for more ice."  Declaration of Damel Jeffries ("Jeffries Decl."), Dkt. 8 at 3. Plaintiff claims, at that moment, he heard one of the staff nurses say to another

---

[1]     Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

[2]     In Plaintiff's FAC, he refers to two individuals allegedly employed by the Los Angeles Sheriff's Department as John Doe 1 and John Doe 2.  FAC at 5.  John Doe 1 is referred to as "custody assistant" and John Doe 2 is referred to as "deputy sheriff" throughout Plaintiff's declaration filed in support of the FAC. See Jeffries Decl.

1   nurse, "I don't know why you're doing this, you shouldn't give that punk-ass his
2   meds." Id.  According to Plaintiff, "[t]he custody assistant and deputy sheriff
3   seemed to react to the comment and [his] request for more ice." Id. at 4.
4   Consequently, the custody assistant came over and "closed the tray slot door on
5   [Plaintiff's] arm." Id.  Additionally, the deputy sheriff "grabbed onto [Plaintiff's]
6   wrist and forearm and started pushing down" as if "he was trying to break it." Id.
7   The deputy sheriff began "sliding [Plaintiff's] arm back and forth in the tray slot
8   like he wanted to saw it off." Id.  Both the deputy sheriff and the custody assistant
9   held onto the tray slot to keep it closed on Plaintiff's arm. Id.
10          Plaintiff was able to release his right arm from the tray slot door; however,
11   the deputy sheriff "grabbed onto [Plaintiff's] left arm . . . [and] again began to
12   assault [Plaintiff] by twisting, an[d] sliding [his] arm in tray slot." Id. at 5.  The
13   custody assistant then "pulled out a flashlight . . . [and] used the end of it as a
14   weapon to assault [Plaintiff's] left hand and wrist." Id. at 5-6.  Plaintiff was able to
15   release his left arm, "but then the deputy sheriff and custody assistant trapped
16   [Plaintiff's] fingers of [his] right hand in the tray slot." Id. at 6.  As Plaintiff
17   attempted to release his right hand, the custody assistant and deputy sheriff closed
18   the tray slot door, causing Plaintiff's "left forearm [to become] pinched in the tray
19   slot." Id.
20          Plaintiff claims the Custody Staff stated the use of force was necessary
21   because (1) Plaintiff "tried to gas [Custody Staff]"; and (2) Plaintiff "was holding
22   the tray slot hostage." Id. at 8-9.  Plaintiff claims neither of these statements are
23   true. Id.   As a result of the alleged use of force, Plaintiff claims he "continues to
24   experience numbness and pain" and has not "received any medical attention for
25   the injuries" despite repeated requests. Id. at 10.  Plaintiff is seeking compensatory
26   damages, as well as damages for pain, suffering, and psychological distress, in the
27   amount of $450,000.  FAC at 6.
28   ///

3

## IV.

## <u>STANDARD OF REVIEW</u>

As Plaintiff is proceeding <u>in forma pauperis</u>, the Court must screen the FAC and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b); <u>see</u> <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  <u>See</u> <u>Watison v. Carter</u>, 668 F.3d 1108, 1112 (9th Cir. 2012).  Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory."  <u>Zamani v. Carnes</u>, 491 F.3d 990, 996 (9th Cir. 2007) (citation omitted).  In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it.  <u>Hamilton v. Brown</u>, 630 F.3d 889, 892-93 (9th Cir. 2011).  However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  <u>In re Gilead Scis. Sec. Litig.</u>, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).  Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Cook v. Brewer</u>, 637 F.3d 1002, 1004 (9th Cir. 2011) (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).  A claim is facially plausible when it "allows the

4

1  court to draw the reasonable inference that the defendant is liable for the

2  misconduct alleged." Id. (citation omitted).

3        "A document filed pro se is to be liberally construed, and a pro se complaint,

4  however inartfully pleaded, must be held to less stringent standards than formal

5  pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir.

6  2008) (citations and internal quotation marks omitted). "[W]e have an obligation

7  where the p[laintiff] is pro se, particularly in civil rights cases, to construe the

8  pleadings liberally and to afford the p[laintiff] the benefit of any doubt." Akhtar v.

9  Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted).

10        If the court finds the complaint should be dismissed for failure to state a

11  claim, the court has discretion to dismiss with or without leave to amend. Lopez v.

12  Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted

13  if it appears possible the defects in the complaint could be corrected, especially if

14  the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103,

15  1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint

16  cannot be cured by amendment, the court may dismiss without leave to amend.

17  Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th

18  Cir. 2009).

19  **V.**

20  **DISCUSSION**

21  **A.**     **PLAINTIFF FAILS TO STATE A <u>MONELL</u> CLAIM AGAINST THE**

22        **LOS ANGELES SHERIFF DEPARTMENT**

23        **(1)**    **APPLICABLE LAW**

24        Respondeat superior liability does not exist under Section 1983. Monell

25  Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L.

26  Ed. 2d 611 (1978); see also City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct.

27  1197, 103 L. Ed. 2d 412 (1989). Consequently, an entity is liable only for allegations

28  of constitutional violations that arise from an official policy or longstanding custom.

5

1    Id.  A plaintiff must show the alleged constitutional violation was committed

2    "pursuant to a formal governmental policy or a longstanding practice or custom

3    which constitutes the standard operating procedure of the local governmental

4    entity."  Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (citations and

5    internal quotation marks omitted).  Proof of random acts or isolated events is

6    insufficient to establish a custom or practice.  Thompson v. City of Los Angeles,

7    885 F.2d 1439, 1444 (9th Cir. 1989).  Rather, a plaintiff must prove widespread,

8    systematic constitutional violations which have become the force of law.  Board of

9    Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 404, 117 S. Ct. 1382,

10   1388, 137 L. Ed. 2d 626 (1997).  In addition, a plaintiff must show the policy,

11   practice or custom was "(1) the cause in fact and (2) the proximate cause of the

12   constitutional deprivation."  Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996)

13   citing Arnold v. Int'l Bus. Machines Corp., 637 F.2d 1350, 1355 (9th Cir. 1981)).

14            **(2)    ANALYSIS**

15            Here, Plaintiff's Section 1983 claim against the Los Angeles Sheriff

16   Department must be dismissed because Plaintiff still has not set forth any

17   allegations identifying a policy, practice, or custom that was "(1) the cause in fact

18   and (2) the proximate cause of the constitutional deprivation."  See Trevino, 99

19   F.3d at 918.  Absent such allegations, the federal claim against defendant Los

20   Angeles Sheriff Department must be dismissed.

21   **B.    DOE DEFENDANTS**

22            **(1)    APPLICABLE LAW**

23            "As a general rule, the use of 'John Doe' to identify a defendant is not

24   favored."  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  "However . . . ,

25   where the identity of alleged defendants will not be known prior to the filing of a

26   complaint . . . , the plaintiff should be given an opportunity through discovery to

27   identify the unknown defendants, unless it is clear that discovery would not

28   uncover the identities, or that the complaint would be dismissed on other

1    grounds." Id.; see also Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir.

2    1999).

3         **(2)    ANALYSIS**

4         Here, Plaintiff has elected to raise an excessive force claim against John Does

5    1 and 2 in their individual capacity.  Because Plaintiff is unaware of the true names

6    of the Doe defendants, Plaintiff will be given the opportunity to discover the names

7    of the Doe defendants and amend his FAC.  Plaintiff is cautioned that, if he files a

8    Second Amended Complaint that fails to identify the Doe defendants, the

9    complaint will be subject to dismissal because the Court will not be able to order

10   service against defendants who are unidentified.  See Augustin v. Dep't of Public

11   Safety, 2009 WL 2591370, at *3 (D. Hawai'i Aug. 24, 2009); Williams v.

12   Schwarzenegger, 2006 WL 3486957, at *1 (E.D. Cal. Dec. 1, 2006).

13        If Plaintiff should need more time to obtain the identities of John Does 1 and

14   2, the Court will consider requests for extension of time to file the Second

15   Amended Complaint provided Plaintiff can show he is acting diligently.  Plaintiff

16   may request leave to conduct limited discovery in order to discover the names of

17   the Doe defendants.  However, Plaintiff is cautioned that Federal Rule of Civil

18   Procedure 45 ("Rule 45") provides the exclusive method of discovery on non-

19   parties.  In addition, a motion for issuance of a Rule 45 subpoena duces tecum

20   should be supported by clear identification of the documents sought and a showing

21   that the records are obtainable only through the identified third party.  See Davis v.

22   Ramen, No. 1:06-CV-01216-AWI-SKO-PC, 2010 WL 1948560, at *1 (E.D. Cal.

23   2010).

24                                   **VI.**

25            **LEAVE TO FILE A SECOND AMENDED COMPLAINT**

26        For the foregoing reasons, the FAC is subject to dismissal.  As the Court is

27   unable to determine whether amendment would be futile, leave to amend is

28

1   granted.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per

2   curiam).

3        Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the

4   service date of this Order, Plaintiff choose one of the following two options:

5        1.     Plaintiff may file a Second Amended Complaint to attempt to cure the

6   deficiencies discussed above.  **The Clerk of Court is directed to mail Plaintiff a**

7   **blank Central District civil rights complaint form to use for filing the Second**

8   **Amended Complaint, which the Court encourages Plaintiff to use.**

9        If Plaintiff chooses to file a Second Amended Complaint, Plaintiff must

10  clearly designate on the face of the document that it is the "Second Amended

11  Complaint," it must bear the docket number assigned to this case, and it must be

12  retyped or rewritten in its entirety, preferably on the court-approved form.  Plaintiff

13  shall not include new defendants or new allegations that are not reasonably related

14  to the claims asserted in the FAC.  In addition, the Second Amended Complaint

15  must be complete without reference to the FAC or any other pleading, attachment,

16  or document.

17       An amended complaint supersedes the preceding complaint.  Ferdik v.

18  Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will

19  treat all preceding complaints as nonexistent.  Id.  Because the Court grants

20  Plaintiff leave to amend as to all his claims raised here, any claim raised in a

21  preceding complaint is waived if it is not raised again in the Second Amended

22  Complaint.  Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

23       2.     Alternatively, Plaintiff may voluntarily dismiss the action without

24  prejudice, pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of Court**

25  **is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court**

26  **encourages Plaintiff to use.**

27       The Court advises Plaintiff that it generally will not be well-disposed toward

28  another dismissal with leave to amend if Plaintiff files a Second Amended

1   Complaint that continues to include claims on which relief cannot be granted.  "[A]

2   district court's discretion over amendments is especially broad 'where the court

3   has already given a plaintiff one or more opportunities to amend his complaint.'"

4   Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations

5   omitted); see also Ferdik, 963 F.2d at 1261.  Thus, **if Plaintiff files a Second**

6   **Amended Complaint with claims on which relief cannot be granted, the**

7   **Second Amended Complaint will be dismissed without leave to amend and**

8   **with prejudice.**

9         **Plaintiff is explicitly cautioned that failure to timely file a Second**

10   **Amended Complaint will result in this action being dismissed with prejudice**

11   **for failure to state a claim, prosecute and/or obey Court orders pursuant to**

12   **Federal Rule of Civil Procedure 41(b).**

13

14   Dated:  March 02, 2017

15   _____

16   HONORABLE KENLY KIYA KATO
     United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28